**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MICHAEL YORTY, ) | FILED |
| ) | |
| Plaintiff, ) | MAY 22, 2008          YM |
| ) | 08CV2988 |
| v. ) | JUDGE HART |
| ) | MAGISTRATE JUDGE SCHENKIER |
| DETECTIVE GUILLERMO PEREZ, ) | |
| DETECTIVE ROSENDO DEL REAL, ) | |
| FRANK KAMINSKI, CHIEF OF POLICE, ) | |
| Evanston Police Department, OFFICER ) | |
| SAM PETTINEO, Evanston Police ) | |
| Department, JEFF JAMRAZ, ) | |
| COMMANDER BOB MAYER, CHIEF ) | ' |
| RICHARD EDDINGTON, DEPUTY ) | |
| CHIEF COOK, JAMES ELLIOTT, ) | |
| Evanston Police Department, UNKNOWN ) | |
| POLICE OFFICERS, CITY OF ) | |
| EVANSTON, and COUNTY OF COOK ) | Jury Trial Demanded |
| ) | |
| Defendants. ) | |

---

**COMPLAINT AT LAW**

---

NOW COMES Plaintiff MICHAEL YORTY, by his attorneys, KATHLEEN T.

ZELLNER & ASSOCIATES, and complaining against Defendants, DETECTIVE

GUILLERMO PEREZ, DETECTIVE ROSENDO DEL REAL, FRANK KAMINSKI,

CHIEF OF POLICE, Evanston Police Department, OFFICER SAM PETTINEO,

Evanston Police Department, JEFF JAMRAZ, COMMANDER BOB MAYER, CHIEF

RICHARD EDDINGTON, DEPUTY CHIEF COOK, JAMES ELLIOTT, Evanston

1

Police Department, UNKNOWN POLICE OFFICERS, CITY OF EVANSTON and

COUNTY of COOK, states as follows:

### Introduction

1.    This action is brought pursuant to the United States Constitution, and the laws

of the United States of America, specifically 42 U.S.C. § 1983.

2.    Jurisdiction is based on 28 U.S.C. §§1331 and 1343, and supplemental

jurisdiction is based on 28 U.S.C. §1367.

### Venue

3.    Venue is proper in the Northern District of Illinois, Eastern Division, pursuant

to 28 U.S.C. § 1391 (b)(1), for at least one defendant resides in this district.

### Facts

4.    The plaintiff at all relevant times was a United States citizen, permanent

resident of the State of Illinois and the Northern District of Illinois, Eastern

Division.

5.    That Defendants PEREZ and DEL REAL were at all times employees of

Cook County as investigators and at all relevant times acting within their

scope of employment and under color of law.

6.    That Defendants KAMINSKI, PETTINEO, JAMRAZ, MAYER,

EDDINGTON, COOK and ELLIOTT were duly appointed police officers of

2

the City of Evanston and at all relevant times were acting within their scope of employment and under color of law.

7.    On or about March 10, 2004, Sayyid M. Qadri was arrested by Officer Gus Horemis, an Evanston Police Officer, for an improper right turn on red. After the arrest Qadri was found to have an expired license, and because he could not drive his vehicle had to be accompanied to the Evanston Police Station for a ticket and then to be released.

8.    Qadri has an extensive criminal background.

9.    At the Evanston Police Station Plaintiff MICHAEL YORTY and Officer Ken Carter were processing an individual on a domestic battery arrest. They were in the holding area of Evanston Police Department with three Loyola University students, who were ride-alongs.

10.   During attempted booking of Qadri he became combative and belligerent with Officer Horemis.

11.   During the processing Qadri was screaming obscenities at the officers in the holding area, pushing Officer Horemis with his body and needed to be subdued and controlled for his screaming and violent demeanor.

12.   The three ride-alongs and other officers describe Qadri as being violent and screaming and due to his volatile state created a dangerous environment for both the officers and the civilians.

13.   Qadri attacked Officer Horemis in a small stall for a lavoratory in the holding area. In this scuffle, Qadri injured himself when he fell and struck his

forehead. He sustained a small cut above his left eyebrow. The cut required one stitch.

14. Some of the actions described above were captured on a slow motion photograph device. The photo camera is one frame per second and is not a videotape. Standard videotape is 28-30 frames per second whereas this photo camera activated 1-3 frames per second.

15. Not all of the activities were captured on the videotape.

16. The photo camera did not accurately capture the events at the Evanston Police Department.

17. Qadri was taken by ambulance to the hospital where he was seen by the emergency room physician. He refused to get into the ambulance and was continually combative with the officers and the ambulance personnel.

18. After his left eye was sutured with one stitch, Qadri was brought back to the City of Evanston Police Department where he was processed and released.

19. On March 11, 2004, Qadri made false accusations of police brutality against Plaintiff YORTY and Officer Horemis.

20. An internal investigation was instituted. Witnesses in the holding area at the City of Evanston Police Department exonerated Plaintiff YORTY of any wrongdoing. For example, Commander Barbara Wiedlin assessed what had occurred and found that Plaintiff YORTY and Officer Horemis had followed department guidelines and the force they used to subdue a violent subject did not violate any general order or department rule.

21.  Officer Ken Carter stated that he did not witness Plaintiff YORTY engage in
     any improper actions with Qadri.

22.  Defendants DEL REO, PEREZ, EDDINGTON, PETTINEO, JAMRAZ and
     COOK attempted to pressure Officer Ken Carter into giving false testimony
     against YORTY. Carter refused to cooperate despite being threatened with
     "repercussions" if he did not cooperate. His job was threatened and he was
     threatened with criminal charges. Yet Officer Carter stood strong refusing to
     give false testimony against YORTY.

23.  The investigation done by Defendants and others failed to include
     interviewing the emergency room physician who treated Qadri. Qadri's
     complaints included that he had been choked by the Defendants. The
     emergency room physician would have been able to confirm that there was no
     evidence of choking on Qadri whatsoever. Moreover, the emergency room
     physician would have supported the conclusions of the internal investigation
     of Evanston Commander Wiedlin and Sergeant Biondi that Qadri had been
     belligerent, violent and non-cooperative.

24.  The three ride-alongs that were present during portions of this event included
     a Mr. James Vandelogt. Mr. Vandelogt had obtained a recording of what
     happened using a PDA. This audio recording included yells, threats and
     obscenities by Qadri.

25.  Detective PEREZ (hereinafter referred to as "Defendant PEREZ") met with
     Mr. Vandelogt and determined that he in fact did have a recording which
     exonerated Plaintiff YORTY and Officer Horemis. After Mr. Vandelogt

played that recording for Defendant PEREZ, he offered to provide his
handheld PDA to the State's Attorney's Office and investigators. Mr.
Vandelogt was threatened with being charged with violating the Illinois
Eavesdropping Act if he disclosed the recording.

26.   A subsequent computer problem resulted in the copy of the audio recording
being destroyed.

27.   This recording exonerated Plaintiff YORTY and Officer Horemis.

28.   The defendants ignored throughout its investigation the recording by Mr.
Vandelogt, failed to interview the paramedics and failed to interview the
emergency room physician. Moreover, they relied upon the photo video that
was taken at 1-3 frames per second when it was not accurate.

29.   Despite this internal investigation exonerating Plaintiff YORTY and Officer
Horemis, Chief of Police FRANK KAMINSKI (hereinafter referred to as
"Defendant KAMINSKI") decided to pursue charges against Plaintiff
YORTY and Officer Horemis. There was no evidence of improper force
being used. Defendant KAMINSKI referred the matter to the Investigations
Division of the Cook County State's Attorney, whose investigation began on
March 29, 2004.

30.   Thereafter a special Grand Jury was conducted whereby Detective
PETTINEO (hereinafter referred to as "Defendant PETTINEO"), testified that
Officer Horemis pushed Qadri into a small bathroom area which is untrue and
unsupported by the photo camera. Defendant PETTINEO also testified that
Qadri was pushed and shoved onto a bench which is neither supported by the

statements of witnesses nor the photo camera. Defendant PETTINEO

testified that this investigation showed Qadri never made any physical assaults

towards the officers which is untrue and contradicted by the witnesses and

photo camera. PETTINEO testified Officer Horemis prepared a false

statement, which is untrue and contradicts the witnesses and photo camera.

31.   Although Plaintiff YORTY had done nothing wrong, he was indicted on

September 16, 2004.

32.   Plaintiff YORTY was fired from his job on or about September 21, 2004.

33.   Plaintiff YORTY has endured years of false accusations, the destruction of his

reputation, emotional stress and other damages while awaiting trial.

34.   After the case went to trial, on August 29, 2007, at the close of the State's

Attorney's case, the Judge Kasmierski ordered a directed verdict, finding there

was no evidence to support any of the charges brought against Plaintiff

YORTY.

## COUNT I: 42 U.S.C. § 1983
### Conspiracy
### DEFENDANTS PEREZ, DEL REAL, KAMINSKI, PETTINEO, ELLIOTT, JAMRAZ, COOK, EDDINGTON and MAYER

35.   Plaintiff realleges paragraphs 1-34 as his allegations in paragraphs 1 through

34 of this Count I as though fully set forth herein.

36.   Defendants PEREZ, DEL REAL, KAMINSKI, PETTINEO, ELLIOTT,

JAMRAZ, COOK, EDDINGTON, MAYER and others reached an agreement

among themselves to fabricate evidence, wrongfully arrest and charge

Plaintiff YORTY.

37.  The agreements referenced in the preceding paragraph are the policy and procedure of the Evanston Police Department and were tacitly ratified by the policymakers for the City of Evanston.

38.  The Defendants' misconduct was improperly motivated.

39.  These actions deprived Plaintiff YORTY of his constitutional rights.

40.  The Defendants conspired directly and indirectly for the purpose of depriving the Plaintiff of equal protection of the law.

41.  The defendants conspired to deprive the Plaintiff of exculpatory evidence to which he was lawfully entitled.

42.  Each of the Defendants or co-conspirators committed overt acts to further the conspiracy against the Plaintiff.

43.  The Defendants' actions were malicious, willful and wanton.

44.  The Defendants' actions violated Plaintiff's Fourth and Fourteenth Amendment Rights of the United States Constitution.

45.  As a direct and proximate result of the wrongful conduct of Defendants, Plaintiff suffered violations of his Constitutional rights, emotional anxiety, humiliation, fear, monetary loss and pain and suffering.


WHEREFORE, Plaintiff MICHAEL YORTY, prays for judgment against Defendants PEREZ, DEL REAL, KAMINSKI, PETTINEO, ELLIOTT, JAMRAZ, COOK, EDDINGTON and MAYER in excess of $100,000.00 compensatory damages and in excess of $50,000.00 punitive damages plus attorneys' fees and costs of this litigation.

## COUNT II: 42 U.S.C. §1983
### Due Process
### DEFENDANTS PEREZ, DEL REAL, KAMINSKI, PETTINEO, ELLIOTT, JAMRAZ, COOK, EDDINGTON and MAYER

46.    Plaintiff realleges paragraphs 1-45 as his allegations in paragraphs 1 through

       45 of this Count II as though fully set forth herein.

47.    Defendants PEREZ, DEL REAL, KAMINSKI, PETTINEO, ELLIOTT,

       JAMRAZ, COOK, EDDINGTON, and MAYER fabricated evidence against

       Plaintiff YORTY.

48.    As a direct and proximate result of the wrongful conduct of Defendants,

       Plaintiff suffered violations of his Constitutional rights, emotional anxiety,

       humiliation, fear, monetary loss and pain and suffering.


WHEREFORE, Plaintiff MICHAEL YORTY, prays for judgment against Defendants

PEREZ, DEL REAL, KAMINSKI, PETTINEO, ELLIOTT, JAMRAZ, COOK,

EDDINGTON, and MAYER in excess of $100,000.00 compensatory damages and in

excess of $50,000.00 punitive damages plus attorneys' fees and costs of this litigation.


## COUNT III: State Law Claim
### Malicious prosecution
### DEFENDANTS PEREZ, DEL REAL, KAMINSKI, PETTINEO, ELLIOTT, JAMRAZ, COOK, EDDINGTON and MAYER

49.    Plaintiff realleges paragraphs 1- 48 as his allegations in paragraphs 1-48 of

       this Count III as though fully set forth herein.

50.    Despite the discrepancies and information they had before them and the

       exculpatory evidence, Defendants instituted a malicious prosecution without

probable cause against Plaintiff MICHAEL YORTY, and continued said
prosecution without probable cause.

51.  The prosecution of MICHAEL YORTY was terminated August 29, 2007,
     with a directed verdict after the close of the State's case.

52.  The actions of the Defendants were malicious, intentional, willful and wanton,
     and with reckless indifference to Plaintiff's rights.

53.  The misconduct described in this County was undertaken by the Defendants in
     the scope of their employment such that employers City of Evanston and
     County of Cook are liable for their actions.

WHEREFORE, Plaintiff MICHAEL YORTY, prays for judgment against Defendants
PEREZ, DEL REAL, KAMINSKI, PETTINEO, ELLIOTT, JAMRAZ, COOK,
EDDINGTON, and MAYER in excess of $100,000.00 compensatory damages and in
excess of $50,000.00 punitive damages plus attorneys' fees and costs of this litigation.

## COUNT IV: State Law
### Intentional Infliction of Emotional Distress
### DEFENDANTS PEREZ, DEL REAL, KAMINSKI, PETTINEO, ELLIOTT, JAMRAZ, COOK, EDDINGTON and MAYER

54.  Plaintiff realleges paragraphs 1- 53 as his allegations in paragraphs 1 through
     53 of Count IV as though fully set forth herein.

55.  The actions of Defendants PEREZ, DEL REAL, KAMINSKI, PETTINEO,
     ELLIOTT, JAMRAZ, COOK, EDDINGTON, and MAYER as set forth above
     were extreme and outrageous and committed with the intent to cause or were

10

committed in reckless disregard of the probability their conduct would cause severe emotional distress to Plaintiff.

56.    Said acts and conduct of Defendants directly and proximately caused emotional distress to Plaintiff and thereby constituted intentional infliction of emotional distress.

57.    The actions of the Defendants were malicious, intentional, willful and wanton and with reckless indifference to Plaintiff's rights

WHEREFORE, Plaintiff MICHAEL YORTY, prays for judgment against Defendants PEREZ, DEL REAL, KAMINSKI, PETTINEO, ELLIOTT, JAMRAZ, COOK, EDDINGTON, and MAYER in excess of $100,000.00 compensatory damages and in excess of $50,000.00 punitive damages plus attorneys' fees and costs of this litigation.

**COUNT V: State Law**
**Civil Conspiracy**
**DEFENDANTS PEREZ, DEL REAL, KAMINSKI, PETTINEO, ELLIOTT,**
**JAMRAZ, COOK, EDDINGTON and MAYER**

58.    Plaintiff realleges paragraphs 1- 57 as his allegations in paragraphs 1 through 57 of Count V as though fully set forth herein.

59.    As more fully described in the preceding paragraphs, Defendants acted in concert with other known and unknown co-conspirators conspiring by concerted action to accomplish an unlawful purpose through lawful or unlawful means.

WHEREFORE, Plaintiff MICHAEL YORTY, prays for judgment against Defendants PEREZ, DEL REAL, KAMINSKI, PETTINEO, ELLIOTT, JAMRAZ, COOK,

11

EDDINGTON, and MAYER in excess of $100,000.00 compensatory damages and in excess of $50,000.00 punitive damages plus attorneys' fees and costs of this litigation.

**COUNT VI: State Law**
**Indemnification**
**CITY OF EVANSTON and COUNTY OF COOK**

60.    Plaintiff realleges all paragraphs in this Complaint as if fully set forth herein

61.    In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities, 735 ILCS 10/9-102.

62.    The Defendant Officers and employees were employees of the City of Evanston and/or Cook County and at all times acted within the scope of their employment in committing the misconduct described above.

WHEREFORE, Plaintiff MICHAEL YORTY, prays for judgment against Defendants CITY OF EVANSTON and COUNTY OF COOK. in excess of $100,000.00 compensatory damages and in excess of $50,000.00 punitive damages plus attorneys' fees and costs of this litigation.

Respectfully Submitted,

Kathleen T. Zellner
Attorney for Plaintiff

KATHLEEN T. ZELLNER & ASSOCIATES
2215 York Road
Suite 504
Oak Brook, Illinois 60523
(630)955-1212