IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | | |
|---|---|---|
| **Michael Yorty,** | ) | |
| | ) | |
| Plaintiff, | ) | No.   08 C 2988 |
| | ) | |
| v. | ) | Judge William T. Hart |
| | ) | |
| **Detective Guillermo Perez, et al.** | ) | Magistrate Judge Schenkier |
| | ) | |
| Defendants. | ) | |

### **DEFENDANTS' MOTION FOR ENLARGEMENT OF TIME**

Defendants, Guillermo Perez, Rosendo Del Real, and the County of Cook, by and through their counsel, Louis R. Hegeman and Stephen L. Garcia, Assistant State's Attorneys, respectfully move this Court, pursuant to Federal Rule of Civil Procedure 6(b), for an enlargement of time within which to answer or otherwise plead, stating in support:

1.  Currently, defendants Guillermo Perez, Rosendo Del Real, and Cook County are to answer or otherwise plead to plaintiff's complaint in this matter on or before July 25, 2008.

2.  On July 23, 2008, the remaining defendants in this matter, Frank Kaminski, Sam Pettineo, James Elliott, Jeff Jamaraz, Bob Mayer, Richard Eddington, Demetrius Cook, and the City of Evanston (the "Evanston defendants") filed their appearance in this matter and filed their Motion to Consolidate Based Upon Relatedness in the matter of *Horemis v. Bilyk*, 08 C 603 ("*Horemis*"), filed January 28, 2008, and currently pending before Judge Charles R. Norgle in the Northern District. A copy of the Evanston defendants' motion to consolidate is attached hereto as Exhibit A.

3.  As set forth in the Evanston defendants' motion to consolidate, both this matter and the earlier filed *Horemis* matter arise out of the same underlying set of facts, in which the

plaintiff in each of the cases, who was an Evanston police officer at the time of conduct complained of, brings claims arising out of his prosecution after his involvement in an incident in which an arrestee, Sayyid Qadri, was allegedly abused at the Evanston Police station on March 10, 2004. Both *Horemis* and this matter contain almost identical claims against almost identical defendants.

4. The Evanston defendants seek to consolidate these two matters under Local Rule 40.4 on the basis of relatedness (see Exhibit A, ¶ 3). Defendants Perez and Del Real agree that consolidation of these matters would result in a substantial saving of judicial time and effort. As the Evanston defendants state in their motion to consolidate, defendants Perez and Del Real have filed a motion to dismiss in *Horemis* (see Exhibit A, ¶ 3(c)) and would likewise move to dismiss this matter against them as well. In the event the matters are consolidated, these defendants would be able to simply adopt their pending motion for the purposes of avoiding duplicative briefing in both matters.

5. The Evanston defendants' motion to consolidate has been noticed for presentation before Judge Norgle on August 1, 2008. Therefore, defendants Perez and Del Real request an extension of 14 days, until August 8, 2008, to file their response to plaintiff's complaint, in order to allow for the presentation of the motion to consolidate before Judge Norgle.

6. Although defendants have previously requested an enlargement of time to answer or otherwise plead, this motion is not brought for the purpose of delay, but to allow for the consolidation of this matter with that of *Horemis v. Bilyk* and the potential economies of time and effort that such consolidation would afford.

Wherefore defendants, Guillermo Perez, Rosendo Del Real, and the County of Cook, respectfully request that they be granted an additional fourteen (14) days within which to answer or otherwise respond to plaintiff's complaint, until August 8, 2008.

                                              Respectfully submitted,

                                              RICHARD A. DEVINE
                                              State's Attorney of Cook County

                              By:     _s/Stephen L. Garcia_____
                                              #06195546

                                              Louis R. Hegeman, Supervisor
                                              Special Projects and Assignments

                                              Stephen L. Garcia
                                              Assistant State's Attorney
                                              Special Projects and Assignments
                                              500 Richard J. Daley Center
                                              Chicago, Illinois  60602
                                              312.603.5475

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GUS HOREMIS, | ) | No. 08 C 603 (and 08 C 2988, based |
|     Plaintiff, | ) | upon the instant request for a |
| | ) | determination of relatedness) |
| | ) | |
| v. | ) | Judge Norgle |
| | ) | |
| THOMAS BILLICK, COOK COUNTY | ) | Jury Demanded |
| ASSISTANT STATES ATTORNEY, et | ) | |
| al., | ) | |
|     Defendants. | ) | |

**MOTION TO CONSOLIDATE BASED UPON RELATEDNESS**

NOW COME some of the defendants in the above-captioned case, Frank Kaminski, Sam Pettineo and James Elliott, along with Jeff Jamraz, Bob Mayer, Richard Eddington, Demetrius Cook and the City of Evanston, a municipal corporation (hereinafter the "Evanston defendants"), by their attorneys, Richard T. Ryan and Mark F. Smolens, Ryan, Smolens & Jones, and pursuant to the provisions of Local Rule 40.4, move this Honorable Court request the Executive Committee to reassign case number 08 C 2988, Michael Yorty v. Guillermo Perez, et al., now pending before this Court with Judge Hart presiding, to the calendar of this Honorable Court based upon relatedness. In support thereof, the Evanston defendants respectfully submit the following:

1. Pursuant to the provisions of Local Rule 40.4, two cases may be considered "related" and therefore transferred to the calendar of one judge in this District when the cases "involve some of the same issues of fact and law," or "grow out of the same transaction or occurrence." Local Rule 40.4(a)(2) and (3).

2. In this instance, both of the subject cases, 08 C 603 and 08 C 2988, meet the definitions of the above-cited provisions of the Local Rules.

   a. The plaintiffs in each of these cases were both employed by the City of Evanston Police Department at the time of the occurrences at issue -- in particular the contact between plaintiffs Horemis (08 C 603) and Yorty (08 C 2988) and one Sayyid Qadri which occurred in the City of Evanston's police station on March 10, 2004.

   b. The subsequent criminal prosecutions in the Circuit Court of Cook County against Horemis and Yorty arising from actions taken by these individuals during the incident with Qadri form the gravamen of both civil complaints which are pending in the Northern District.

   c. Indeed, the causes of action in the two complaints are in many respects identical. *Compare* 08 C 603, Doc. # 1 and 08 C 2988, Doc. # 1.

   d. Although there does not exist complete identity in the parties in both cases, counsel for the defendants are identical in both cases.

3. These cases meet the "conditions for reassignment" set forth in the provisions of subsection (b) of Local Rule 40.4:

   a. both cases are pending in the Northern District of Illinois;

   b. the handling of both cases by a single judge will clearly result in a substantial saving of judicial time and effort – any issues regarding discovery will be common to both matters, and to have two different judges ruling on anticipated

dispositive Rule 56 motions which will be filed (at least by the Evanston defendants) makes little sense;

  c. the Horemis matter pending before this Court is in its initial pleading stages, with the Cook County defendants having a pending motion to dismiss, while the Evanston defendants having filed an answer, and this Court having *sua sponte* requested additional briefing by the parties of the subject of the applicable period of limitations, while in the Yorty case the defendants have not yet filed responsive pleadings; and

  d. there are no issues or conflicts between the interests of the plaintiffs or of the defendants that would preclude this matter being resolved in a single judicial proceeding, whether that be a ruling on motions for summary judgment or a contested jury trial.

 4. Although the defendants have not yet filed responsive pleadings in the Yorty case, a review of the allegations of each complaint demonstrates the almost complete commonality therein, and it is anticipated that responsive pleadings similar to those already on file in the matter before this Honorable Court will also be filed in the Yorty litigation.

 5. Because this Honorable Court has pending on its calendar the lowest-numbered of the two cases claimed to be related, the instant motion has been filed here.

 WHEREFORE, the Evanston defendants respectfully request that this Honorable Court make a Local Rule 40.4 determination that the two cases involving the arrest of

Sayyid Qadri and a subsequent criminal prosecution of the two plaintiffs in the Circuit Court of Cook County are related, and that a request be made to the Executive Committee that the Yorty case (08 C 2988) be re-assigned to the calendar of this Court for disposition.

/s/ Mark F. Smolens
One of the attorneys for the Evanston defendants

**RICHARD T. RYAN**
**MARK F. SMOLENS**
**RYAN, SMOLENS & JONES**
**180 North LaSalle Street**
**Suite 2303**
**Chicago, IL 60601**
**(312) 372-3800**

4